**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **US BANK NATIONAL ASSOCIATION,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:15-0404** |
| | : | |
| **v.** | : | **(MANNION, D.J.)** |
| | : | |
| **JANE KUPSELAITIS** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## MEMORANDUM

Presently before the court is Motion to Remand to State Court by the plaintiff, U.S. Bank National Association. (Doc. 9). This action arose from the mortgage default of the defendant, Jane Kupselaitis, for failure to make payments on her mortgage in accordance with the terms beginning on September 1, 2009. For the reasons discussed below, the court will **GRANT** the motion.

## I.    BACKGROUND

On March 25, 2013, the plaintiff filed a complaint in the Monroe County Court of Common Pleas, Docket No. 2441-2013. On April 5, 2013, the defendant was served with the complaint. On April 9, 2013, the defendant filed a certification of participation for the Monroe County Residential Mortgage Foreclosure Diversion Program. In accordance with this program, all relevant proceedings were stayed. Between July 31, 2013 and January 23, 2015, the parties made fourteen conciliations in an effort to resolve this dispute. On January 23, 2015, the defendant declined the terms of the trial

modification agreement, the matter was released from the program, and the stay was lifted by the court.

On February 25, 2015, the defendant filed a Notice of Removal, and on February 26, 2015, the defendant filed an Amended Notice. On March 25, 2015, the plaintiff filed the Motion to Remand (Doc. 9), along with a supporting brief. (Doc. 10). On April 9, 2015, the defendant filed a Brief in Opposition.

## II.   STANDARD

Under 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." Thus, a defendant may remove from state court to federal court any civil case arising under federal law. See 28 U.S.C. §1441(b).

Upon a motion to remand a removed action, the removing party bears the burden of demonstrating that removal was proper. Scanlin v. Utica First Ins. Co., 426 F. Supp. 2d 243, 246 (M.D. Pa. 2006) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)). "The party asserting jurisdiction bears the burden of showing the action is properly before the federal court." Id.

The notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading setting forth the claim for relief. 28 U.S.C. §1446(b). The court does not have discretion to extent this thirty (30) day period. Crawford v. Fargo, 341 F.Supp. 762, 763 (M.D. Fla. 1972), *citing* Peter Holding Co. v. Leroy Foods, Inc., 107 F.Supp. 56 (D.C.N.J. 1942).

2

In considering a motion to remand, the statute governing removal, 28 U.S.C. §1441, must be strictly construed against removal. Id. (citing Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 219 (3d Cir. 2005) (citations omitted)). Moreover, ruling on the removal of any action is the prerogative of the federal courts. Id. (citing Harrison v. St. Louis & S.F.R. Co., 232 U.S. 318, 329 (1914) ("as the right given to remove by the United States law is paramount, it results that it is also of the essence of the right to remove, that when an issue of whether a prayer for removal was rightfully asked arises, a Federal Question results which is determinable by the courts of the United States free from limitation or interference arising from an exertion of state power")).

## III.    DISCUSSION

As discussed above, the facts clearly necessitate remand to the Court of Common Pleas of Monroe County in light of the defendant's failure to comply with the thirty (30) day requirement of 28 U.S.C. 1446(b). Almost two years had passed between the filing of the complaint on March 25, 2013 and the filing of the notice of removal on February 25, 2015 and the amended complaint on February 26, 2015. As such, the defendant has not even approached the removal requirement and, accordingly, this court will remand the proceedings to the Court of Common Pleas of Monroe County.

## IV.    CONCLUSION

Based upon the foregoing, the court **GRANTS** the plaintiff's Motion to Remand (Doc. 9). An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Dated: May 13, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0404-1.wpd

4